IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| RANDALL SCOTT ANDERSON, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 4:11-CR-0006-HLM-WEJ-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 4:14-CV-0114-HLM-WEJ |

## **FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Randall Scott Anderson's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [89, 89-6] ("Motion to Vacate") and Brief in Support [90], the government's Response [94], and Mr. Anderson's Reply [96]. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED**, and that the Court **DECLINE** to issue a certificate of appealability.

## **I.  PROCEDURAL HISTORY**

A federal grand jury in the Northern District of Georgia returned an indictment against Mr. Anderson, charging him with attempting to entice a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). (Indict. [1].) Mr. Anderson pleaded not guilty and proceeded to a two-day jury trial represented by retained

counsel McNeill Stokes. (Plea [7-1]; Trial Trs. Volumes I-II [66-67].) The jury found Mr. Anderson guilty. (Jury Verdict [47].) Mr. Anderson retained new counsel Bobby Lee Cook, C. Sutton Connelly, Donald F. Samuel, and Amanda R. Clark Palmer to represent him at sentencing. (Sentencing Tr. [77].) The Court sentenced Mr. Anderson to 324 months of imprisonment. (Id. at 46; J. [70].)

Still represented by attorneys Cook, Connelly, Samuel, and Palmer, Mr. Anderson filed a direct appeal, arguing that: (1) the Court abused its discretion by excluding expert testimony that Mr. Anderson did not display any pedophillic interests and that the circumstances surrounding his arrest demonstrated police manipulation; and his sentence was unreasonable because (2) the Court's consideration of his HIV-positive status as a sentencing factor violated his constitutional rights; (3) there is a disparity between his sentence and the sentences of others who violated the same statute; (4) the Court erred in applying a two-level sentencing enhancement for use of a computer; (5) the Court erred in applying a two-level sentencing enhancement for obstruction of justice; (6) the Court erred in applying a eight-level sentencing enhancement for an offense involving a minor under the age of twelve, when the "child" involved in the offense was fictitious; and (7) the Court erred in enhancing his sentence pursuant to the grouping rules to account for his conduct directed toward two

2

child victims when he was only convicted on one count. Br. Of Appellant, United States v. Anderson, No. 12-10735, 2012 WL 2087251, at *4-27 (11th Cir. May 29, 2012). The United States Court of Appeals for the Eleventh Circuit summarized the evidence presented at trial as follows:

> . . . Anderson, through emails, phone calls, and a face-to-face meeting, arranged with an undercover law enforcement agent posing as a stepfather to two boys, ages 11 and 14, to have a sexual encounter with the two children at a Georgia hotel. Anderson was arrested when he arrived at the hotel where the sexual contact was to take place, and he had brought with him pornographic films, an assortment of sex toys, condoms, and drugs that he had discussed administering to the children. He stated, in his post-arrest interview and at trial, that he would have gone through with the sexual encounter with the children. He also stated at trial that he was aware of the ages of the children he intended to meet at the hotel.

United States v. Anderson, 509 F. App'x 868, 871 (11th Cir. 2013) (per curiam). On February 14, 2013, the Eleventh Circuit affirmed Mr. Anderson's conviction and sentence. Id. at 878.

Now represented by retained counsel Stephen R. Scarborough, Mr. Anderson timely filed this Motion to Vacate, arguing that: (1) his attorneys were ineffective for mishandling argument and evidence regarding his HIV status during sentencing and on appeal; (2) trial counsel was ineffective for failing to request a jury instruction on the defense of voluntary intoxication; (3) trial counsel was also ineffective for failing

3

to argue United States v. Taylor, 640 F.3d 255 (7th Cir. 2011), as authority for a judgment of acquittal; (4) trial counsel rendered ineffective assistance by not arguing that communication with an adult intermediary does not satisfy § 2422(b); (5) appellate counsel was ineffective for failing to effectively argue against application of the grouping adjustment; and (6) trial counsel was ineffective for failing to challenge the authenticity and completeness of the printouts of email exchanges between the undercover agent and Mr. Anderson or his partner. (Mot. Vacate 4-5, 7-8; Supplement; Br. 15-33.) The government responds that Mr. Anderson's grounds for relief lack merit. (Resp. 13-25.) Mr. Anderson replies, reasserting the merits of grounds one through four and six. (Reply 3-11.)

## II. DISCUSSION

### A. Legal Standards

A federal prisoner may file a motion to vacate his sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S.

4

152, 166 (1982). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned **REPORTS** that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although a prisoner seeking collateral relief is entitled to an evidentiary hearing if relief is warranted by the facts he alleges, which the court must accept as true, a hearing is not required if the record conclusively demonstrates that no relief is warranted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Eagle v. Linahan, 279 F.3d 926, 938 (11th Cir. 2001) (applying Strickland to allegations of ineffective assistance of appellate counsel). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one. Strickland, 466 U.S. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of

5

reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . .") (citation omitted). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden.").

Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; see also Eagle, 279 F.3d at 943 ("To determine whether the [unreasonable] failure to raise a claim on appeal resulted in prejudice, we review the merits of the omitted claim.").

6

### B. Ground One: Handling of Mr. Anderson's HIV Status

In ground one, Mr. Anderson contends that his attorneys were ineffective for failing to argue that he did disclose his HIV-positive status by listing it as "undetectable" on his online profile and that he posed very little risk of transmitting HIV to his intended victims. (Mot. 4; Br. 18-22.) Mr. Anderson's first contention regarding his online profile's description of his HIV status as "undetectable" is absurd. He does not dispute that he failed to mention his HIV-positive status during his emails, phone calls, and personal meetings with the undercover agent. As to his second contention, the Eleventh Circuit has held that

> the HIV-positive status of a child sex offender whose conduct exposed his minor victims to a risk of HIV infection was relevant to his offense conduct, **even if the risk of infection was minimal**, and that the district court properly considered the sex offender's HIV-positive status in imposing a sentence.

Anderson, 509 F. App'x at 877 (emphasis added) (citing United States v. Lebowitz, 676 F.3d 1000, 1016 (11th Cir. 2012)). Therefore, Mr. Anderson cannot show deficient performance by counsel or prejudice for failing to raise these meritless arguments. See Strickland, 466 U.S. at 689-90, 694; Eagle, 279 F.3d at 938, 943.

### C. Ground Two: Failure to Request Voluntary Intoxication Jury Instruction

In ground two, Mr. Anderson argues that trial counsel was ineffective for failing to request a jury instruction on the defense of voluntary intoxication based on a single recorded telephone call during which Mr. Anderson contends he was "audibly intoxicated." (Mot. 5; Br. 22-25.) Mr. Anderson acknowledges that this telephone call was not the only evidence of his intent. (Br. 24.) In fact, the record includes over thirty emails, an in-person meeting suggested by Mr. Anderson, and travel to the hotel for the meeting with numerous sex toys and other items discussed in the communications. (Trial Tr. Vol. I [66] at 36, 43-45, 72, 84.) Furthermore, during his interview with law enforcement, Mr. Anderson admitted his intent to have a sexual encounter with two children. (Id. at 148-49, 152.) That Mr. Anderson may have been intoxicated during one telephone call is insufficient to warrant an instruction on voluntary intoxication given the other overwhelming evidence of his intent. Mr. Anderson cannot show deficient performance by counsel or prejudice as to this ground. See Chandler, 218 F.3d at 1319 ("Good advocacy requires 'winnowing out' some arguments, witnesses, evidence, and so on, to stress others.") (citation omitted).

AO 72A
(Rev.8/82)

### D. Ground Three: Failure to Cite Seventh Circuit Case

In his third ground for relief, petitioner maintains that counsel was also ineffective for failing to argue United States v. Taylor, 640 F.3d 255 (7th Cir. 2011), as authority for a judgment of acquittal. (Mot. 7; Br. 26-28.) In Taylor, the Seventh Circuit held that the specific conduct for which the defendant was convicted of under Indiana law was not "sexual activity" within the meaning of § 2422(b) because the defendant neither made nor attempted or intended physical contact with the victim. 640 F.3d at 256-60. Taylor is not binding precedent in the Eleventh Circuit, involved the interpretation of Indiana, rather than Georgia, law, and is further distinguishable in light of the overwhelming evidence of Mr. Anderson's intent to have physical sexual contact with children. Accordingly, trial counsel cannot be faulted for failing to cite Taylor.

### E. Ground Four: Failure to Raise Adult Intermediary Argument

Next, in ground four, Mr. Anderson asserts that trial counsel rendered ineffective assistance by not arguing that communication with an adult intermediary does not satisfy § 2422(b). (Mot. 8; Br. 28-29.) Mr. Anderson acknowledges that this argument was, and still is, squarely foreclosed by Eleventh Circuit precedent. See United States v. Lee, 603 F.3d 904, 912-13 (11th Cir. 2010) ("[W]e have squarely rejected the

9

argument that 'because [the defendant] did not directly communicate with a minor or a person he believed to be a minor, his conduct was not criminally proscribed by the language of § 2422(b).'") (citations omitted). Thus, Mr. Anderson fails to show deficient performance by counsel or prejudice as to this ground. See United States v. Jones, 224 F.3d 1251, 1257-58 (11th Cir. 2000) ("Since the district court would be required to follow the law of this circuit until it was overruled by the Supreme Court or an en banc panel of this court, it was not completely unreasonable for counsel to make a strategic decision to forego a claim that was a loser under the then-current state of the law.").

### F. Ground Five: Effectiveness of Argument Against Grouping Adjustment

In ground five, Mr. Anderson contends that appellate counsel was ineffective for abandoning his argument against application of the grouping adjustment. (Supplement; Br. 30-32.) The Sentencing Guidelines provide that offenses involving more than one minor are not grouped together; instead, each minor is treated as if contained in a separate count of conviction. U.S.S.G. § 2G1.3(d)(1), comment. (n.7). During sentencing, Mr. Anderson objected to the application of this grouping adjustment. (Sentencing Tr. at 11-12.) The trial court overruled the objection. (Id. at

10

28.) Because the Sentencing Guidelines allow this grouping adjustment, appellate counsel did not perform deficiently or prejudice Mr. Anderson's appeal by opting not to pursue the objection. See Jones, 224 F.3d at 1257-58; see also Smith v. Murray, 477 U.S. 527, 536 (1986) ("[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy.") (internal quotation marks and citation omitted).

### G. Ground Six: Failure to Challenge Authenticity and Completeness of Emails

Lastly, in ground six, Mr. Anderson argues that trial counsel was ineffective for failing to challenge the authenticity and completeness of the printouts of email exchanges between the undercover agent and Mr. Anderson or his partner. (Supplement; Br. 32-33.) During trial, Mr. Anderson testified regarding the authenticity and completeness of the emails. Mr. Anderson acknowledged that he sent the email initiating communications with the undercover agent, that his email address was andrcga@aol.com, and that he wrote all of the emails from that address that were admitted into evidence. (Trial Tr. Vol. II [67] at 21, 28.) Mr. Anderson also testified that the emails introduced into evidence between himself and the undercover agent were the "complete list" of emails between himself and the agent and that there were

11

"no missing emails." (Id. at 29.) Because Mr. Anderson authenticated the emails and testified that they were complete, he cannot show deficient performance or prejudice based on counsel's failure to object based on authenticity and completeness.

### III. CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). Section 2253(c)(2) of Title 28 states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Based on the foregoing discussion of Mr. Anderson's claims for relief, the resolution of the issues presented is not debatable by jurists of reason; thus, the Court should deny a certificate of appealability.

AO 72A
(Rev.8/82)

## IV. **CONCLUSION**

For the reasons set forth above, the undersigned **RECOMMENDS** that the Motion to Vacate [89] be **DENIED**, and that the Court **DECLINE** to issue a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral of the Motion to Vacate to the undersigned.

**SO RECOMMENDED**, this 15th day of October, 2014.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

13