# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

RANDALL SCOTT ANDERSON,

v.                                           CRIMINAL ACTION FILE
                                             NO.: 4:11-CR-006-01-
                                             HLM-WEJ

                                             CIVIL ACTION FILE NO.:
                                             4:14-CV-0114-HLM-WEJ

UNITED STATES OF AMERICA.

## ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, which Petitioner filed under 28 U.S.C.A. § 2255 ("§ 2255 Motion") [89], on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [97], and on Petitioner's Objections to the Final Report and Recommendation [101].

AO 72A

(Rev.8/8

# I.   Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).  If no party files a timely

AO 72A
(Rev.8/8
2)

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. <u>Macort</u>, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. <u>United States v. Keel</u>, 164 F. App'x 958, 961 (11th Cir. 2006); <u>United States v. Warren</u>, 687 F.2d 347, 347 (11th Cir. 1982).

## II.   Background

On February 22, 2011, a federal grand jury sitting in the Northern District of Georgia returned an indictment against Petitioner. (Docket Entry No. 1.) The indictment charged Petitioner with attempting to entice a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). (<u>Id.</u>)

3

Petitioner, represented by retained counsel, McNeill Stokes, proceeded to a two-day jury trial. (Trial Tr. Vol. I (Docket Entry No. 66); Trial Tr. Vol. II (Docket Entry No. 67).) The jury found Petitioner guilty. (Docket Entry No. 47.)

Petitioner retained new counsel, Bobby Lee Cook, C. Sutton Connelly, Donald F. Samuel, and Amanda R. Clark Palmer to represent him at sentencing. (Sentencing Tr. (Docket Entry No. 77).) Senior United States District Judge Robert L. Vining, Jr. sentenced Petitioner to 324 months of imprisonment. (Id. at 46; Judgment & Commitment Order (Docket Entry No. 70).)

Represented by Attorneys Cook, Connelly, Samuel, and Palmer, Petitioner filed a direct appeal. (Docket Entry No. 71.) On February 14, 2013, the United States Court of

4

AO 72A
(Rev.8/8
2)

Appeals for the Eleventh Circuit affirmed Petitioner's

conviction and sentence.  United States v. Anderson, 509

F. App'x 868 (11th Cir. 2013) (per curiam).  The Eleventh

Circuit summarized the evidence presented at trial as

follows:

> [Petitioner], through emails, phone calls, and a
> face-to-face meeting, arranged with an undercover
> law enforcement agent posing as a stepfather to
> two boys, ages 11 and 14, to have a sexual
> encounter with the two children at a Georgia hotel.
> [Petitioner] was arrested when he arrived at the
> hotel where the sexual contact was to take place,
> and he had brought with him pornographic films,
> an assortment of sex toys, condoms, and drugs
> that he had discussed administering to the
> children.  He stated, in his post-arrest interview
> and at trial, that he would have gone through with
> the sexual encounter with the children.  He also
> stated at trial that he was aware of the ages of the
> children he intended to meet at the hotel.

Id. at 871.

AO 72A
(Rev.8/8
2)

On May 14, 2014, Petitioner, represented by retained counsel Stephen R. Scarborough, filed his § 2255 Motion. (Docket Entry No. 89.)   Petitioner argues that: (1) his attorneys provided ineffective assistance by mishandling argument and evidence regarding Petitioner's HIV status during sentencing and on appeal; (2) his trial counsel provided ineffective assistance by failing to request a jury instruction on the defense of voluntary intoxication; (3) his trial counsel provided ineffective assistance by failing to argue <u>United States v. Taylor</u>, 640 F.3d 255 (7th Cir. 2011), as authority for a judgment of acquittal; (4) his trial counsel provided ineffective assistance by failing to argue that communication with an adult intermediary does not satisfy § 2422(b); (5) his appellate counsel provided ineffective assistance by failing to argue effectively against application

6

of the grouping adjustment; and (6) his trial counsel provided ineffective assistance by failing to challenge the authenticity and completeness of the printouts of e-mail exchanges between the undercover agent and Petitioner or his partner.  (§ 2255 Mot. at 4-5, 7-8; Suppl. (Docket Entry No. 89-6); Suppl. Br. § 2255 Mot. (Docket Entry No. 90) at 15-33.)

Judge Vining retired, and the Clerk assigned the case to the undersigned. (Unnumbered Docket Entry Dated Aug. 29, 2014.)   On October 15, 2014, Judge Johnson issued his Final Report and Recommendation.  (Docket Entry No. 97.)   Judge Johnson recommended that the Court deny Petitioner's § 2255 Motion.  (Id.)

Petitioner filed Objections to the Final Report and Recommendation. (Docket Entry No. 101.) The time period

7

in which the Government could file a response to those Objections has expired, and the Court consequently finds that the matter is ripe for resolution.

## III.  Discussion

### A.  Legal Standards

The Court applies the same legal standards set forth in the Final Report and Recommendation.  (Final Report & Recommendation (Docket Entry No. 97) at 4-6.)  The Court also agrees with Judge Johnson that an evidentiary hearing is not warranted.  (Id. at 5.)[1]

---

[1]To the extent that Petitioner argues otherwise in his Objections, the Court overrules that portion of Petitioner's Objections.  (Objections (Docket Entry No. 101) at 11-14).

AO 72A

(Rev.8/8

## B.   Petitioner's Claims

### 1.   Handling of Petitioner's HIV Status

Judge Johnson correctly rejected Petitioner's contention that his attorneys provided ineffective assistance by failing to argue that Petitioner disclosed his HIV-positive status by listing it as "undetectable" on his online profile and that Petitioner posed very little risk of transmitting HIV to his intended victims.  (Final Report & Recommendation at 7.) As an initial matter, the Court agrees with Judge Johnson that Petitioner's "first contention regarding his online profile's description of his HIV status as 'undetectable' is absurd."  (Id.)  As Judge Johnson pointed out, Petitioner "does not dispute that he failed to mention his HIV-positive status during his emails, phone calls, and personal meetings with the undercover agent."  (Id.)  With respect to

9

Petitioner's second contention, the Eleventh Circuit has noted that "the HIV-positive status of a child sex offender whose conduct exposed his minor victims to a risk of HIV infection was relevant to his offense conduct, even if the risk of infection was minimal, and that the district court properly considered the sex offender's HIV-positive status in imposing a sentence." Anderson, 509 F. App'x at 877 (citing United States v. Lebowitz, 676 F.3d 1000, 1016 (11th Cir. 2012)).  Under those circumstances, the Court agrees with Judge Johnson that Petitioner "cannot show deficient performance by counsel or prejudice for failing to raise these meritless arguments."   (Final Report & Recommendation at 7.)  With all due respect to Petitioner, the Court concludes that nothing in Petitioner's Objections warrants a different conclusion.   (Objections at 2-14.)

10

Petitioner therefore cannot obtain relief based on this claim.

The Court consequently adopts this portion of the Final

Report and Recommendation, and overrules Petitioner's

corresponding Objections.

### 2.   Failure to Request Voluntary Intoxication Jury Instruction

Petitioner also argues that his trial counsel provided

ineffective assistance by failing to request a jury instruction

on the defense of voluntary intoxication based on a

recorded telephone call during which Petitioner contends

that he was "audibly intoxicated." (§ 2255 Mot. at 5; Br.

Supp. § 2255 Mot. at 22-25.)   Judge Johnson correctly

rejected this argument. (Final Report & Recommendation

at 8.) First, this telephone call was not the only evidence of

Petitioner's intent. (Id.) Indeed, "the record includes over

11

thirty emails, an in-person meeting suggested by [Petitioner], and travel to the hotel for the meeting with numerous sex toys and other items discussed in the communications." (Id.) Additionally, during an interview with law enforcement, Petitioner "admitted his intent to have a sexual encounter with two children." (Id.) Under those circumstances, the Court agrees with Judge Johnson "[t]hat [Petitioner] may have been intoxicated during one telephone call is insufficient to warrant an instruction on voluntary intoxication given the other overwhelming evidence of his intent." (Id.) Petitioner therefore cannot show either that his counsel's performance was deficient or that any alleged deficiency prejudiced him.  Petitioner consequently cannot obtain relief based on this contention.

12

For the reasons discussed above, Judge Johnson correctly rejected Petitioner's ineffective assistance of counsel claim based on failure to request a jury charge on voluntary intoxication. The Court therefore adopts this portion of the Final Report and Recommendation. To the extent that Petitioner objects to this portion of the Final Report and Recommendation, the Court overrules that Objection.[2]

### 3.   Failure to Cite Seventh Circuit Case

Petitioner also contends that his counsel provided ineffective assistance by failing to argue <u>United States v.</u>

---

[2]Petitioner does not address this claim in detail in his Objections. (<u>See generally</u> Objections.) Instead, Petitioner simply states that he "objects to each and every recommendation that his claims for relief be denied." (<u>Id.</u> at 1.) The Court nonetheless has reviewed the Final Report and Recommendation and the record in this case, and finds that Judge Johnson properly rejected this claim.

Taylor, 640 F.3d 255 (7th Cir. 2011), as authority supporting a judgment of acquittal. (§ 2255 Mot. at 7; Br. Supp. § 2255 Mot. at 26-28.)  Judge Johnson correctly rejected this argument, noting that "Taylor is not binding precedent in the Eleventh Circuit, involved the interpretation of Indiana, rather than Georgia, law, and is further distinguishable in light of the overwhelming evidence of [Petitioner's] intent to have physical sexual contact with children." (Final Report & Recommendation at 9.) Petitioner's counsel thus did not provide ineffective assistance by failing to cite Taylor, and Petitioner cannot obtain relief based on this contention.

For the reasons discussed above, Judge Johnson properly evaluated Petitioner's ineffective assistance of counsel claim based on failure to cite Taylor. The Court therefore adopts this portion of the Final Report and

14

AO 72A

(Rev.8/8 2)

Recommendation.  To the extent that Petitioner objects to this portion of the Final Report and Recommendation, the Court overrules that objection.[3]

### 4.    Failure   to   Raise   Adult   Intermediary Argument

Petitioner also contends that his trial counsel provided ineffective assistance by failing to argue that communication with an adult intermediary does not satisfy § 2422(b).  (§ 2255 Mot. at 8; Br. Supp. § 2255 Mot. at 28-29.)  Judge Johnson correctly rejected this claim, noting that "this argument was, and still is, squarely foreclosed by Eleventh Circuit precedent." (Final Report & Recommendation at 9

---

[3]Petitioner does not address this claim in detail in his Objections. (See generally Objections.) Instead, Petitioner simply states that he "objects to each and every recommendation that his claims for relief be denied." (Id. at 1.) The Court has reviewed the Final Report and Recommendation and the record in this case, and finds that Judge Johnson correctly rejected this claim.

AO 72A
(Rev.8/8
2)

(citing <u>United States v. Lee</u>, 603 F.3d 904, 912-13 (11th Cir. 2010).)   Under those circumstances, Judge Johnson correctly found that Petitioner cannot "show deficient performance by counsel or prejudice as to this ground." (<u>Id.</u> at 10.)  Consequently, Petitioner cannot obtain relief based on this claim.

For the reasons discussed above, Judge Johnson correctly rejected Petitioner's ineffective assistance of counsel claim based on failure to argue that an adult intermediary does not satisfy § 2422(b).   The Court consequently adopts this portion of the Final Report and Recommendation.  To the extent that Petitioner objects to this portion of the Final Report and Recommendation, the Court overrules that objection.[4]

---

[4]Petitioner did not address this claim in detail in his Objections.

## 5.   Abandoning Argument Against Grouping Adjustment

Petitioner also contends that his appellate counsel provided ineffective assistance by abandoning an argument against application of the grouping adjustment. (Suppl.; Br. Supp. § 2255 Mot. at 30-32.)   Judge Johnson correctly rejected this argument.  (Final Report & Recommendation at 10-11.) Specifically, "[t]he Sentencing Guidelines provide that offenses involving more than one minor are not grouped together; instead, each minor is treated as if contained in a separate count of conviction."  (Id. at 10 (citing U.S.S.G. § 2G1.3(d)(1), comment (n.7).) Petitioner objected to the application of the grouping adjustment at

------

(See generally Objections.)  Instead, Petitioner simply stated that he "objects to each and every recommendation that his claims for relief be denied." (Id. at 1.)  The Court has reviewed the Final Report and Recommendation and the record in this case, and finds that Judge Johnson properly rejected this claim.

17

sentencing, and Judge Vining overruled the objection. (Sentencing Tr. at 11-12, 28.)   Judge Johnson properly found that "[b]ecause the Sentencing Guidelines allow this grouping adjustment, appellate counsel did not perform deficiently or prejudice [Petitioner's] appeal by opting not to pursue the objection." (Final Report & Recommendation at 11.)   Petitioner therefore cannot obtain relief based on this argument.

For the above reasons, Judge Johnson correctly rejected Petitioner's claim that his counsel was ineffective for abandoning the grouping argument. The Court therefore adopts this portion of the Final Report and Recommendation.   To the extent that Petitioner objects to

18

this portion of the Final Report and Recommendation, the Court overrules that objection.[5]

### 6.  Failure to Challenge Authenticity and Completeness of E-Mails

Finally, Petitioner contends that his trial counsel provided ineffective assistance by failing to challenge the authenticity and completeness of the printouts of e-mail exchanges between the undercover agent and Petitioner or his partner.  (Suppl.; Br. Supp. § 2255 Mot. at 32-33.) Judge Johnson correctly rejected this argument, noting:

> During trial, [Petitioner] testified regarding the authenticity and completeness of the emails. [Petitioner] acknowledged that he sent the email

---

[5]Once again, Petitioner does not address this claim in detail in his Objections.  (See generally Objections.)  Instead, Petitioner simply states that he "objects to each and every recommendation that his claims for relief be denied."  (Id. at 1.)  The Court has reviewed the Final Report and Recommendation and the record in this case, and finds that Judge Johnson correctly rejected this claim.

19

initiating communications with the undercover agent, that his email address was andrcga@aol.com, and that he wrote all of the emails from that address that were admitted into evidence.   (Trial Tr. Vol. II [67] at 21, 28.) [Petitioner] also testified that the emails introduced into evidence between himself and the undercover agent were the "complete list" of emails between himself and the agent and that there were "no missing emails." (Id. at 29.)  Because [Petitioner] authenticated the emails and testified that they were complete, he cannot show deficient performance or prejudice based on counsel's failure to object based on authenticity and completeness.

(Final Report & Recommendation at 11-12.)   Petitioner therefore is not entitled to relief based on this argument. Further, with all due respect to Petitioner, nothing in his Objections warrants a different conclusion, including Petitioner's contention that he is entitled to an evidentiary hearing to address this claim.  (Objections at 14-15.)  The Court therefore adopts this portion of the Final Report and

20

Recommendation, and overrules Petitioner's corresponding Objections.

## C.   Certificate of Appealability

For the reasons set forth in the Final Report and Recommendation, the Court finds that Petitioner is not entitled to a certificate of appealability.   (Final Report & Recommendation at 12.) Specifically, "the resolution of the issues presented is not debatable by jurists of reason."   (<u>Id.</u>) To the extent that Petitioner objects to this conclusion, the Court overrules that Objection because Petitioner's Objections fail to show that the resolution of any of the issues presented by Petitioner's § 2255 Motion would be debatable by jurists of reason.   (<u>See</u> Objections at 1 (stating that Petitioner "objects . . . to Judge Johnson's further recommendation that no certificate of appealability

AO 72A

(Rev.8/8

issue should the claims in fact be rejected").)  The Court

therefore declines to issue a certificate of appealability.

## IV.  Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report

and Recommendation of United States Magistrate Judge

Walter  E.  Johnson  [97],  **OVERRULES**  Petitioner's

Objections to the Final Report and Recommendation [101],

and **DENIES** Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255 [89].  The Court

**DIRECTS** the Clerk to **CLOSE** the civil case associated with

that Motion: Civil Action File No. 4:14-CV-0114-HLM-WEJ.

Finally, the Court **DECLINES** to issue a certificate of

22

appealability.

IT IS SO ORDERED, this the 1ˢᵗ day of December,

2014.

_____
UNITED STATES DISTRICT JUDGE

23